[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10069

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN CARLOS VALLES, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00005-TKW-MJF-1

_____

Before ROSENBAUM, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Juan Valles appeals his convictions for assault with a dangerous weapon and for possession of contraband in prison. Valles challenges the district court's denial of his motion to dismiss: a motion based on a claim of selective prosecution. No reversible error has been shown; we affirm.

Valles's convictions stem from these events. On 28 December 2020, Valles attacked physically a fellow prisoner (M.L.R.) at the Federal Correctional Institution in Marianna, Florida. During the attack, Valles struck M.L.R. repeatedly using a weapon known as a "slock": a combination lock hidden inside a sock. Valles admits that he assaulted M.L.R. and says he did so in part to protect a vulnerable prisoner from M.L.R.'s abuse. At the time of the attack, Valles had about one month remaining on his sentence.[1]

A federal grand jury charged Valles with two offenses: (1) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3); and (2) possession of contraband in a prison, in violation of 18 U.S.C. § 1791(a)(2) and (b)(3).

---

[1] As of December 2020, Valles's projected release date was 29 January 2021.

Valles moved to dismiss the indictment on grounds of selective prosecution.  Valles asserted that "slock" incidents are typically handled administratively by the Bureau of Prisons ("BOP") instead of being criminally prosecuted.  Pertinent to this appeal, Valles alleged he was prosecuted selectively because he was about to be released from custody without supervision.[2]

The district court denied Valles's motion.  The district court determined that Valles had failed to show that he was singled out for prosecution based on a protected classification.  In a separate observation, the district court concluded that Valles had also failed to identify a similarly-situated person outside of his supposed classification who was not prosecuted.  The district court also said nothing was arbitrary or irrational about the government considering a prisoner's release date in deciding whether to prosecute.

Valles pleaded guilty pursuant to a written plea agreement in which he reserved the right to appeal the district court's denial of his selective-prosecution motion.  The district court accepted

---

[2] In his motion, Valles also asserted these other "reasons" for his purported selective prosecution: (1) Valles was a "non-sexual offender" housed at a prison meant to protect sexual offenders, including M.L.R.; and (2) Valles had served several years in sexual-offender prisons and harbored no ill will toward sexual offenders, so his offense was no hate crime.  The district court determined that these factual assertions had no "conceivable bearing on his claim of selective prosecution."  Valles raises no challenge to the district court's treatment of these "reasons"; we need not address them on appeal.

Valles's guilty plea and later sentenced Valles to 60 months' imprisonment.

"In reviewing the denial of a motion to dismiss for selective prosecution, we review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Brantley*, 803 F.3d 1265, 1270 (11th Cir. 2015) (brackets omitted).

Prosecutors are given "broad discretion" in deciding how to enforce the United States Criminal Code. *See United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion."). Given this broad discretion, we presume that a prosecutor has discharged properly his official duties, absent "clear evidence to the contrary." *See id.* A prosecutor, however, is still "subject to constitutional constraints," including those "imposed by the equal protection component of the Due Process Clause of the Fifth Amendment." *Id.* Under that clause, "the decision whether to prosecute may not be based on 'an unjustifiable standard such as race, religion, or other arbitrary classification." *Id.*

A defendant asserting a selective-prosecution claim bears a "demanding" burden. *United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000). The defendant must show -- by "*clear* evidence" -- that "the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* at 807-08 (emphasis in original) (quotation omitted).

A defendant demonstrates discriminatory effect by showing that "similarly situated individuals" outside the defendant's constitutionally-protected classification were not prosecuted. *See United States v. Jordan*, 635 F.3d 1181, 1188 (11th Cir. 2011). A person is "similarly situated" if he "engaged in the same type of conduct" as the defendant and if the evidence against him "was as strong or stronger" than the evidence against the defendant. *Id*. To establish discriminatory purpose, a defendant must show he was prosecuted "because of, not merely in spite of its adverse effects upon an identifiable group." *Id*. (quotations omitted).

The district court committed no error in denying Valles's motion to dismiss based on selective prosecution. Never has Valles alleged that he was prosecuted based on a constitutionally-protected classification such as race, religion, or sex. Valles argues, instead, that he was prosecuted based on the proximity of his prison-release date.

Even to the extent the government considered Valles's release date in making its prosecutorial decision, we cannot conclude that doing so was impermissibly arbitrary. The government has legitimate reasons for placing a higher priority on prosecuting a prisoner who commits a violent offense near the end of his prison term -- when the BOP has little recourse to impose adequate discipline -- than on prosecuting a prisoner who commits a violent offense earlier in his prison term. We also accept that the threat of prosecution might have a greater deterrent effect on prisoners who (like Valles) are soon-to-be-released than it would on prisoners who

still face significant prison time.  And we have said that "[i]t does not offend the Constitution when a prosecutor considers the potential deterrent effect of a case's prosecution."  *See Brantley*, 803 F.3d at 1273.

Valles has also produced no evidence -- let alone "*clear* evidence" -- showing that the government's decision to prosecute Valles either had a discriminatory effect or was motivated by an unlawful discriminatory purpose.  Valles's generalized assertion that "slock" incidents are typically handled internally by the BOP is insufficient by itself to demonstrate discriminatory effect: Valles has identified no "similarly situated" prisoner who was not prosecuted. Valles has failed to satisfy his burden of proving selective prosecution; we affirm the district court's denial of Valles's motion to dismiss.

AFFIRMED.